# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CASE NUMBER: 1:03CR-008-06-R

UNITED STATES OF AMERICA                                              PLAINTIFF

VS:     **DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT**

BLANE BARKSDALE
a/k/a JEFF FEHRENBACH                                                 DEFENDANT

## OBJECTION

FACTS: On August 4, 2003, the Defendant plead guilty to counts one and two of the superseding indictment. On September 29, 2004, a Presentence Investigation Report was furnished and in compliance with Rule 32 these objections follow.

Objection No. 1: Mr. Barksdale objects to the three level increase, pursuant to USSG 3B1.1, placed on him because of his classification as a manager or supervisor in the drug activity to which he pled herein. Mr. Barksdale's role in these offenses was that of a courier. He was employed by Zazueta-Garcia and Ingram-Daahir to transport marijuana. He was paid by the pound for the transportation of marijuana and never otherwise shared in the profits of the drug sale. He was never able to claim any larger share of the profits of the drug trafficking and his share was always a fixed amount based upon the amount of marijuana he transported. Blane never exercised any control in the decision making of the criminal enterprise. This was always done by Garcia and Daahir. Barksdale also exercised no control over anyone other participant in the enterprise. Morgan allowed marijuana to be stored at his house for the enterprise but there was no evidence that he or any other individual received payment directly from Barksdale or took orders directly from him. All control of the criminal enterprise came directly from Garcia and Daahir. Further, Barksdale did not participate in organizing and planning the drug trafficking operation described herein

DILLINGHAM,
RITCHIE & PETRIE
Attorneys at Law
207 E. McReynolds Dr.
Post Office Box 129
Elkton, KY 42220

and certainly gained no more profit than any other member of the enterprise for his specific duties as assigned by Garcia and Daahir. For these reasons he believes that it is incorrect to classify him as a manager or supervisor under USSG 3B1.1.

Objection No. 2: Mr. Barksdale would like his incarceration history to be reviewed and to then include all positive aspects of his incarceration as well as the negative points which have been laid out herein. Mr. Barksdale completed numerous classes and received his GED while incarcerated in Arizona. He also completed college courses but did not receive a degree while incarcerated. Mr. Barksdale's infractions in prison all occurred thirteen years ago and prior when Mr. Barksdale was between the ages of twenty-two and twenty-nine years old. He has had no incidents since 1992.

THIS 29th day of November, 2004.

_____
**DENNIS M. RITCHIE**
COUNSEL FOR DEFENDANT
POST OFFICE BOX 129
ELKTON, KENTUCKY 42220-0129
(270) 265-5651 FAX 265-5652

## CERTIFICATE OF SERVICE

I certify the foregoing Objections were served on Parties herein by faxing and mailing a true copy of same, to the Hon. Alexander T. Taft, Jr. and Hon. John Caudill, Assistant United States District Court Attorneys, Bank of Louisville Building, 10th Floor, 510 West Broadway, Louisville, Kentucky 40202 and Lisa J. Chapman, United States Probation Officer, Post Office Box 51607, Bowling Green, Kentucky 42102-6607, on this 29th day of November, 2004.

_____
**DENNIS M. RITCHIE**
ATTORNEY FOR DEFENDANT