**FILED**
JEFFREY A. APPERSON, CLERK
APR - 1 2005
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA PLAINTIFF

vs. CRIMINAL ACTION NO. 1:03CR-8-R

BLANE BARKSDALE DEFENDANT

UNITED STATES' RESPONSE TO BLANE BARKSDALE'S MOTION FOR RETURN OF PERSONAL PROPERTY

Comes the United States, by counsel, Alexander T. Taft, Jr., Assistant United States Attorney for the Western District of Kentucky, pursuant to the Court's order directing a response to a letter from Blane Barksdale which has now been filed as a motion for the return of property and states as follows:

1. By letter to the Court, the defendant seeks an order directing return of personal property which was taken from his home and hotel room "which have nothing to do with my case". The defendant includes a generic list of items he believes to be in possession of the United States. As reflected in the defendant's letter, the defendant has been assured by the United States that personal items would be returned at the conclusion of his case and many such items have already been returned.

2. The Court will recall that Mrs. Barksdale was charged in Tennessee and became a fugitive shortly thereafter. Mr. Barksdale fled with his wife, in effect, abandoning many of the items he now seeks. In discovery, the United States has provided information to the defendant's lawyer relating to all items that we have in our possession. Following receipt of the Court's order, I caused

an inquiry to be made concerning what items we might have that the defendant seeks, with the following results: (1) personal photographs - the United States is in possession of several photographs which in the belief of the United States qualify as "personal photographs". To date, they have been held as possible evidence in an attempt to identify other persons, not necessarily family members, who have or are associating with the Barksdale. The United States has no objection to returning these items to the defendant or his designee and (2) children's birth certificates and Social Security cards. We apparently have one Social Security card for one of the children and two or three birth certificates. These items will be returned to the defendant or his designee; (3) personal phone and address books. As a part of his plea agreement, Mr. Barksdale has agreed to cooperate and testify in any future trial which is deemed necessary by the United States. As the Court will recall, Ms. Maldonado is a fugitive in this case. It is believed by the United States that these phone books and address books will support the testimony of the defendant, when and if he is called upon to testify in that trial. The United States has no objection to copying these phone and address books and providing a copy to Mr. Barksdale or his designee; (4) marriage license - the United States has located the defendant's marriage license and will return the same to Mr. Barksdale or his designee; (5) title to a 1962 GMC RV - the United States has located a copy of the title and will return the same to Mr. Barksdale or his designee; (6) personal computer, monitor/scanner/printer and fax - the United States does not have Mr. Barksdale's computer, monitor/scanner/printer and/or fax. Taken at the time of the search of a house associated with Mr. Barksdale was a hard drive from Mr. Barksdale's computer. In the event Mr. Barksdale would like his hard drive, the United States would be more than happy to provide that to him also.

3. It is the understanding of the United States that the items requested by Mr. Barksdale

cannot be delivered to him in the penitentiary where he will be serving a lengthy sentence. If Mr. Barksdale will provide the name and address of an appropriate person, the United States will cause the above items to be shipped to that individual.

4. In closing, the United States would like the Court to understand and appreciate that we have been working with the Barksdales in obtaining, amongst other things, personal property. It is the understanding of the United States that several items of personal property were taken from the Barksdales' house by persons other than the United States or law enforcement in general and that we did help locate those items. To the personal knowledge of the undersigned, we have provided copies of Mrs. Barksdale's mother's diary to her. The original of these diaries are being maintained by the United States as evidence in the event Mrs. Barksdale needs to testify in the case of Patricia Maldonado.

In short, the United States is not opposed to the Court ordering the United States to return items that we would have returned anyway.

Respectfully submitted,

DAVID L. HUBER
United States Attorney

Alexander T. Taft, Jr.
Assistant United States Attorney
510 West Broadway, Tenth Floor
Louisville, Kentucky 40202
(502) 582-6217

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Response was mailed this 1st day of April, 2005, to Dennis M. Ritchie, counsel for the defendant, at P.O. Box 129, 207 W. McReynolds Drive, Elkton, Kentucky 42220, and Blane Barksdale, defendant pro se, at 920 Kentucky Street, Bowling Green, Kentucky 42101.

Alexander T. Taft, Jr.
Assistant United States Attorney